**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LINDA KAY ANDERSON,              )
                                 )
                Plaintiff,       )
                                 )
                                 )   Case No. CIV-21-034-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
                Defendant.       )

## OPINION AND ORDER

Plaintiff Linda Kay Anderson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED.

### Claimant's Background

The Claimant was sixty-four (64) at the time of the ALJ's latest decision. She earned her GED, and has worked as a radio dispatcher, collection clerk, bartender, and correction officer. The Claimant alleges she has been unable to work since November 21, 2013, due to diabetes, high blood pressure, chronic obstructive

pulmonary disease (COPD), scarring on her heart, and other medical problems.

## Procedural History

This case has a lengthy procedural history, that includes two prior court remands. On November 21, 2013, the Claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. A hearing was held on January 21, 2015, and an unfavorable decision was entered on March 6, 2015. The Appeals Council denied review, but this Court reversed the decision on September 6, 2018.[1] The Court instructed the ALJ to properly consider all the evidence related to the claimant's impairments, particularly the evidence related to her mental impairments.

A second administrative hearing was held, and new unfavorable decision was entered on September 6, 2018. The Appeals Council again denied review and this Court again reversed the decision in September 2018.[2] This Court again instructed the ALJ to properly consider all impairments when formulating the RFC. This Court specifically instructed the ALJ to consider the Claimant's non-severe mental impairments in combination with her severe impairments. On remand, the case was assigned to ALJ Michael

---

[1] *See* Case No. CIV-16-61-SPS
[2] *See* Case No. CIV-19-01-RAW-SPS

2

Mannes.[3] ALJ Mannes held an administrative hearing on October 7, 2020. The hearing was held telephonically due to COVID-19. On November 30, 2020, the ALJ entered an unfavorable decision. The Claimant has exhausted her administrative remedies and the November 2020 decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[4] At step two, the ALJ found that the Claimant had the following severe impairments through the

---

[3] On October 2, 2017, the Claimant filed another application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. This application was denied on October 2, 2018. The Appeals Council ordered that this second subsequent claim be consolidated with the first claim from November 21, 2013.

[4] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

date last insured: "chronic obstructive pulmonary disease (COPD)/emphysema/lung nodules; obesity; diabetes mellitus with neuropathy; left knee degenerative joint disease; and status post right shoulder hemi-arthroplasty." (Tr. 1506). The ALJ also determined that the Claimant's mental impairments of anxiety and depression were not severe. (Tr. 1512). At step four, the ALJ determined that the Claimant had the following residual functional capacity ("RFC"):

> [T]he [C]laimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except occasionally climbing ramps or stairs; never climbing ladders, ropes or scaffolds; frequently balancing and stooping; occasionally kneeling, crouching or crawling; no overhead reaching with the right upper extremity; and must avoid frequent exposure to dust, odors, fumes and pulmonary irritants.

(Tr. 1518). The ALJ then concluded that this RFC would allow the Claimant to perform her past relevant work as a collection clerk. (Tr. 1531). Thus, the ALJ found that the Claimant had not been under a disability at any time from March 1, 2014, through June 30, 2019. (Tr. 1532).

### Errors Alleged for Review

The Claimant asserts that the ALJ erred in two ways. First, she believes the ALJ again failed to properly evaluate the Claimant's mental impairments and consider them when formulating the RFC. Second, she asserts that the decision is constitutionally defective.

4

### Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the

"substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### Consideration of Mental Impairments

The Claimant contends that the ALJ failed to properly evaluate her mental impairments and failed to explain how her mild mental limitations resulted in an RFC that would allow her to return to her past work. As further addressed below, the Court agrees with the Claimant that the ALJ's failed to properly account for her mental impairments when he determined that the Claimant could perform her past skilled work.[5]

When assessing a Claimant's RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013). In *Wells*, the Tenth Circuit held that the "conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when

---

[5] The Claimant first argues that the ALJ picked and chose evidence that supported his finding that the Claimant's mental impairments were merely mild. But the Court need not address this argument because even with only mild mental limitations, the ALJ failed to explain how these limitations impacted the Claimant's ability to work.

assessing a claimant's RFC and making conclusions at steps four and five." *Id.* at 1068-69. When assessing RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Id.* at 1069. "[T]o the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis." *Id.* at 1071. The Tenth Circuit is clear — an ALJ's failure to consider ***all*** impairments in the RFC analysis is a reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (emphasis added) (citing *Langley v. Barnhart*, 373 F.3d 1116, 1123-4 (10th Cir. 2004).

At step two, the ALJ found that the Claimant had mild limitations in her abilities to understand, remember, or apply information, interact with others, and concentrate. (Tr. 1511-1512). The Claimant asserts that the ALJ failed to properly account for these mild limitations when he determined she could return to her past relevant work as a collections clerk. The Commissioner believes that the ALJ's decision adequately explains why there are no mental restrictions in the RFC. The Court disagrees.

In the previous remand this Court noted that the ALJ did not consider the mental impairments combined with the physical impairments. (Tr. 1710-11) This Court also held that the ALJ did not consider the impact of the mild mental limitations on the Claimant's ability to function. (Tr. 1710-11). While the ALJ's

discussion is lengthy, it still misses the mark. Particularly, the ALJ fails to explain how the Claimant's mild limitations in her abilities to understand, remember, or apply information, interact with others, and concentrate would still allow her to perform her past work as a collection clerk.[6] When the ALJ discusses the Claimant's ability to return to her past work as a collections clerk, he only addresses why her physical ailments would allow her to perform this job. He never addresses how her mental limitations still allow her to do this type of work, which is classified as skilled and requires the Claimant to perform many tasks that fall into the areas in which the ALJ found she has mild limitations. (Tr. 1531-32).

---

[6] The Dictionary of Occupational Titles describes a collection clerk's duties as:

> past-due-accounts clerk Notifies or locates customers with delinquent accounts and attempts to secure payment, using postal services, telephone, or personal visit: Mails form letters to customers to encourage payment of delinquent accounts. Confers with customer by telephone in attempt to determine reason for overdue payment, reviewing terms of sales, service, or credit contract with customer. Notifies credit department if customer fails to respond. Contacts delinquent account customers in person [COLLECTOR (clerical) 241.367-010]. Records information about financial status of customer and status of collection efforts. May order repossession or service disconnection, or turn over account to attorney. May sort and file correspondence. May receive payments and post amount paid to customer account. May grant extensions of credit. May use automated telephone dialing system to contact customers and computer to record customer account information. May void sales tickets for unclaimed c.o.d. and lay-away merchandise. May trace customer to new address by inquiring at post office or by questioning neighbors [SKIP TRACER (clerical) 241.367-026]. May attempt to repossess merchandise, such as automobile, furniture, and appliances when customer fails to make payment. . .

The Commissioner asserts that the ALJ did adequately address the Claimant's non-severe mental impairments in his RFC. The Commissioner relies on the ALJ's discussion at step-two to support this assertion (Tr. 1511-17). But the ALJ's discussion of the mental limitations mainly addressed how the evidence did not support a finding of significant psychiatric abnormalities and the reliability of medical opinions. (Tr. 1511-17). While the ALJ repeatedly discussed the apparent lack of evidence that supported mental limitations in the RFC and supported his finding that these limitations are non-severe, he never specifically explained how he considered these non-severe mental limitations in relation to the Claimant's ability to work. He simply stated that the evidence did not give rise to finding significant psychiatric abnormalities and that when considering the limitations singularly or combined, they do not result in "specific notable residual functional capacity limitation(s) in-and-of themselves." (Tr. 1517).

The only indication that the ALJ possibly considered the mental impairments when formulating the RFC is at the end of his step-two analysis. The ALJ states he considered the mental impairments and concluded that there need not be any limitations for these impairments in the RFC. But he never adequately explains why the Claimant's mild mental impairments did not lead to limitations. His references to the medical records and findings related to her mild impairments are only addressed to point out

inconsistencies. This is exactly the error that was made in the previous decision and what the Court asked the ALJ to remedy. (Tr. 1710-11). But again, the ALJ simply relies on the fact that the Claimant's mental impairments are non-severe and that no limitations are necessary, which is not enough. *Wells,* 727 F.3d at 1071. Therefore, his decision must be reversed and remanded.

The Claimant raises an additional argument that the decisions of the ALJ and Appeals Council are constitutionally defective as they both derive their authority from the Commissioner who is not constitutionally appointed. But in her reply, she admits the Court need not address this argument if it can decide the case on another issue. Therefore, the Court declines to address this argument.

As for the reward of benefits, this Court recognizes that Claimant's case has been remanded by this Court twice before. Both times the ALJ has failed to consider the mental limitations as the Court specifically articulated. Although the award of benefits is a matter of discretion, the Court should consider two factors. *Salazar v. Barnhart*, 468 F.3d. 615, 626 (10th Cir. 2006) (citing *Ragland v. Shalala,* 992 F.2d 1056, 1060 (10th Cir.1993)). The Court should consider not only the "length of time the matter has been pending," but also whether remand "'would serve [any] useful purpose [or] would merely delay the receipt of benefits.'" *Id.* (*quoting Harris v. Sec'y of Health & Hum. Servs.*, 821 F.2d 541, 545 (10th Cir.1987)) (citation omitted). The Claimant initially

filed for disability on November 21, 2013, almost ten years ago. It is clear, as the ALJ has failed to follow the instructions of this Court, that further remand would be futile. Given the ALJ's refusal to follow the established standards and the length of time this case has been pending, this Court finds that the correct remedy is to remand this case with instructions for Defendant to award benefits.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge, in accordance with the fourth sentence of 42 U.S.C. 405(g), finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED with instructions for Defendant to award benefits.

IT IS SO ORDERED this 31st day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE